UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-484 (RDM) |
| : | |
| MICAJAH JOEL JACKSON, : | |
| : | |
| Defendant. : | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

On March 10, 2022, this Court began the sentencing hearing of defendant Micajah Joel Jackson, a hearing that was ultimately continued so that defense counsel could further address the questions of (1) the authority of the Court to issue a Split Sentence, and (2) what impact, if any, the conviction and a term of imprisonment could have on the defendant's Veterans Affairs benefits. Although not requested specifically by the Court, the government provides supplemental authority as to the question of (3) whether the Bureau of Prisons can carry out a sentence of probation that includes the special condition of intermittent confinement.

**I.   RECENT FINDINGS AND SENTENCES BY D.D.C. JUDGES SUPPORT THE GOVERNMENT'S CONTENTION THAT A SPLIT SENTENCE IS AUTHORIZED**

Together with this Notice, the government is filing a Memorandum Opinion by District Judge Royce C. Lamberth from March 14, 2022 (*United States v. James Leslie Little*, 21-CR-315 (RCL), ECF No. 43) which squarely addresses the question of a split sentence, defined as "a period of incarceration followed by a period of probation." *Foster v. Wainwright*, 820 F. Supp. 2d 36, 39 n. 2 (D.D.C. 2011). The opinion "elaborates on the Court's reasoning as to why a split sentence is permissible under law and warranted by the circumstances of this case." *Id*. The opinion supports the argument in the government's sentencing memorandum (ECF No. 25, pp. 33-42) that this Court has the authority to impose a split sentence. Indeed, that same day, the government filed Judge

Lamberth's opinion as a supplemental authority in *United States v. Jeffrey Alexander Smith*, 21-CR-290 (RBW)[1], and the next day in *Smith*, Judge Reggie B. Walton also imposed a split sentence.

## II.   JACKSON'S VA BENEFITS WOULD NOT BE IMPACTED BY THE GOVERNMENT'S RECOMMENDED SENTENCE

In her original sentencing memorandum, defense counsel voiced the concern, "If [Jackson] is forced to serve jail time, [ . . . ] he will also lose his VA benefits ***if he is incarcerated more than 30 days***." ECF No. 26, p. 10 (emphasis added). That is incorrect. Under 38 U.S.C. § 1505(a),

> No pension under public or private laws administered by the Secretary [of Defense] shall be paid to or for an individual who has been imprisoned in a Federal, State, local, or other penal institution or correctional facility ***as a result of conviction of*** a felony ***or misdemeanor*** for any part of the period ***beginning sixty-one days*** after such individual's imprisonment begins . . .

(emphasis added). Put differently, an uninterrupted and full pension ***will be paid*** to a veteran of the Armed Services that is ***convicted of a misdemeanor*** and ***imprisoned for sixty days or fewer***.

Although § 1505(a) addresses only military pensions, 38 U.S.C. § 5313(a)(1)[2] applies a similar—but even more demanding—forfeiture rule to other VA benefits. Specifically, § 5313(a)(1) is triggered by a *felony* conviction, and not by a *misdemeanor* conviction like Jackson's. *See also* HEATHER M. SALAZAR ET AL., CONG. RSCH. SERV., IF11762, VETERAN INVOLVEMENT IN THE U.S. CAPITOL BREACH: POSSIBLE EFFECTS ON VA BENEFITS (2021)[3]; *United States v.*

---

[1] *See* ECF No. 43.

[2]   [A]ny person who is entitled to compensation ... and who is incarcerated in a Federal, State, local, or other penal institution or correctional facility for a period in excess of sixty days for conviction of a felony shall not be paid such compensation ..., for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends, in an amount that exceeds ... in the case of a veteran with a service-connected disability rated at 20 percent or more, the rate of compensation payable [for a service-connected disability rated at 10 percent].

38 U.S.C. § 5313(a)(1).

[3] https://crsreports.congress.gov/product/pdf/IF/IF11762.

*Leffingwell*, ECF No. 50, 21-CR-5 (ABJ) (Defendant's Response to the Court's Inquiry Regarding Military Disability Compensation).[4]

The government recommends a split sentence of sixty days incarceration followed by a three-year term of imprisonment. If the Court imposes a sentence of incarceration no greater than that, Jackson will suffer no reduction or interruption of his VA pension or VA benefits.

### III. THE BUREAU OF PRISON IS ABLE TO IMPOSE A SENTENCE OF INTERMITTENT CONFINEMENT

In the *Legal Resource Guide to the Federal Bureau of Prisons* (2019)[5], it addresses **Intermittent Confinement** under the section **Probation and Conditions of Probation** (p. 10). Specifically, the Guide states, "Ordinarily in these instances, the respective BOP Residential Reentry Management office will coordinate the assignment of an appropriate non-BOP detention facility, and the United States Probation Office will monitor the defendant's period(s) of intermittent confinement." The Residential Reentry Manager for several judicial districts in the western United States—to include Arizona—indicated that if the Court were to impose a term of intermittent confinement as a condition of probation, the Bureau of Prisons can and would carry it out.

The government thus disagrees with Probation's representation that "the special condition of intermittent confinement (night/weekend jail) is not an option in that jurisdiction." *See* ECF No. 29, p. 2. Its availability notwithstanding, the government asks this Court to impose the recommended sentence of sixty days' incarceration followed by a three-year term of probation. If

---

[4] Other statutes in Title 38 set out the requirements for forfeiture of VA benefits as the result of crimes not at issue in this case. *E.g.*, 38 U.S.C. § 6103 (forfeiture of benefits based on fraudulent claims for benefits); § 6104(a) (forfeiture of benefits resulting from treasonous conduct); 38 U.S.C. § 6105(a) (forfeiture of benefits resulting from convictions for specified crimes involving "subversive activities").

[5] https://www.bop.gov/resources/pdfs/legal_guide_march_2019.pdf.

this Court believes that some time in a Residential Reentry Center (as Probation requests) would be of assistance to this defendant, the government asks that such a condition be imposed *after*—and not in lieu of—the term of incarceration. The government does not recommend any period of home detention.

The government thus respectfully submits these supplemental authorities for the Court's consideration as to the pending questions of whether a split sentence is authorized by statute (*it is*); whether Jackson's VA pension or benefits stand to be negatively impacted by a sentence of sixty days or fewer (*they do not*); and whether the Bureau of Prisons can carry out the special condition of intermittent confinement in the District of Arizona (*it can*).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: /s/ Sean P. Murphy

SEAN P. MURPHY
Assistant United States Attorney
D.C. Bar No. 1187821
Torre Chardon, Ste 1201
350 Carlos Chardon Ave
San Juan, PR 00918
787-766-5656
sean.murphy@usdoj.gov