


February 16, 2021

# Veteran Involvement in the U.S. Capitol Breach: Possible Effects on VA Benefits

## Overview
On January 6, 2021, a crowd gathered on the U.S. Capitol grounds, breached security, entered and occupied portions of the Capitol building, and damaged federal property. The breach resulted in injuries to nearly 140 District of Columbia Metropolitan and U.S. Capitol Police officers. In addition, the breach led to at least five deaths. According to some media reports' analysis of the Department of Justice's list of individuals charged, approximately 20% of those involved in the disturbances at the U.S. Capitol have served or are currently serving in the U.S. military. This In Focus discusses how a veteran's involvement in the events of January 6 could affect, terminate, or ultimately bar a veteran from access to benefits provided by the Department of Veterans Affairs (VA) or the Department of Defense (DOD).

## Forfeiture of VA Benefits
Title 38 of the *U.S. Code* governs VA benefits for veterans and their dependents. Under Sections 6104 and 6105, veterans and other individuals receiving VA benefits who commit mutiny or treason or who are convicted of "*subversive activities*," as listed in Section 6105(b), forfeit their right to VA benefits, including health care, disability compensation, educational benefits, and burial benefits. In addition, individuals who forfeit their VA benefits because they are convicted of engaging in subversive activities also forfeit their dependents' entitlement to VA benefits, including dependency and indemnity compensation (DIC), educational benefits, and burial benefits.

## Forfeiture for Treason or Mutiny (38 U.S.C. §6104)
Section 6104 of Title 38 applies to individuals "guilty of mutiny, treason, sabotage, or rendering assistance to an enemy of the United States." Forfeiture of benefits under this section does not require an individual to be convicted in a court of law. Instead, when the Secretary of VA, on the basis of "satisfactory" evidence, determines that an individual is guilty of one of these offenses, that individual forfeits the right to VA benefits. The Secretary has discretion to continue payments to the dependents of an individual who forfeits benefits under this section.

## Forfeiture for "Subversive Activities" (38 U.S.C. §6105)
Like Section 6104, Section 6105 provides that individuals who commit certain offenses forfeit their right to VA benefits. Specifically, it applies to individuals who are convicted of "*subversive activities*," a list of federal crimes under Titles 18, 42, and 50 of the *U.S. Code* and offenses under the Uniform Code of Military Justice (UCMJ). As potentially relevant to the January 6 breach of the U.S. Capitol, these offenses include rebellion or insurrection (18 U.S.C. §2383), seditious conspiracy (18 U.S.C. §2384), advocating the overthrow of government (18 U.S.C. §2385), and mutiny or sedition (Art. 94, UCMJ; 10 U.S.C. §894). Section 6105 requires the Attorney General (for federal crimes) and the Secretaries of Defense and Homeland Security (for UCMJ offenses) to notify VA when a veteran is indicted or convicted of a listed offense.

Although Sections 6104 and 6105 both result in the forfeiture of benefits by veterans who commit certain offenses, they differ in a couple key ways. First, for Section 6105 to apply, an individual must be *convicted* of a listed offense by a court or military court-martial. In contrast, Section 6104 requires only a determination by the VA Secretary that the individual is guilty of the listed offenses. Second, while the VA Secretary has discretion to continue payments to the dependents of an individual who forfeits benefits under Section 6104, conviction of an offense under Section 6105 terminates *both* an individual's right to VA benefits *and* the right of dependents to VA benefits.

## Effect of Conviction and Incarceration
In addition to the forfeiture provisions for mutiny, treason, or subversive activities, VA is to reduce or suspend the monthly benefits of individuals convicted of other certain crimes who are incarcerated for more than 60 days.

Under Title 38, Section 5313, of the *U.S. Code* and Title 38, Section 3.665, of the *Code of Federal Regulations*, if a veteran receiving disability compensation or an individual receiving DIC is convicted of a felony and incarcerated for more than 60 days, VA is to reduce that individual's monthly compensation payment effective the 61st day of incarceration. For a veteran with a disability rating of 20% or higher, VA is to reduce the monthly payment to the 10% level under Title 38, Section 1114(a), of the *U.S. Code*. For a veteran with a 10% disability level, or for a nonveteran receiving DIC, VA is to reduce the individual's monthly payment by 50%. An incarcerated individual's dependents may apply for the remaining balance of the individual's compensation through a process called "apportionment." VA is to resume the pension payments upon the individual's release so long as the individual notifies VA within one year of release. The individual is not, however, permitted to receive retroactive payments for the benefits withheld during incarceration.

Under Title 38, Section 1505(a), of the *U.S. Code* and Title 38, Section 3.666, of the *Code of Federal Regulations*, if an individual receiving a VA disability or death pension is incarcerated following conviction of a felony or misdemeanor, VA is to suspend payment of the pension effective the 61st day of imprisonment. The incarcerated

individual's dependents may apply for apportionment. VA is to resume the pension payments upon the individual's release so long as the individual notifies VA within one year of release.

VA regulations also limit an individual's access to other benefits while incarcerated, including clothing allowances, subsistence allowances, and some education benefits. Under Title 38, Section 3.810(d), of the *Code of Federal Regulations*, VA is to reduce an individual's clothing allowance in proportion to the number of days the individual was incarcerated during the previous 12-month period. Likewise, Title 38, Section 3108(g)(1), of the *U.S. Code* prohibits payment of subsistence allowances to an individual pursuing a rehabilitation program while incarcerated for conviction of a felony. Similarly, Title 38, Section 21.5139, of the *Code of Federal Regulations* directs VA to either reduce or terminate educational assistance allowances (payments for tuition, fees, books, etc.) to individuals incarcerated for a felony conviction.

Benefits for a recipient who is only convicted of a crime—but not incarcerated—are generally not subject to a reduction or termination unless the individual commits one of the crimes resulting in forfeiture, discussed above, or are a "fugitive felon," as discussed below.

## Fugitive Felons

VA's "fugitive felon" rule suspends the VA benefits of certain fugitives who have been charged with or convicted of felonies. Section 5313B(b)(1) of Title 38 of the *U.S. Code* defines *fugitive felon* as:

> a person who is a fugitive by reason of –
>
> > (A) fleeing to avoid prosecution, or custody or confinement after conviction, for an offense, or an attempt to commit an offense, which is a felony under the laws of the place from which the person flees; or
>
> > (B) violating a condition of probation or parole imposed for commission of a felony under Federal or State law.

Under Title 38, Section 5313B, of the *U.S. Code* and Title 38, Sections 3.665-3.666, of the *Code of Federal Regulations*, VA is to suspend all payments to VA benefits recipients who are fugitive felons. In addition, a fugitive felon's dependents are not entitled to benefits or apportionment while the fugitive's benefits are suspended.

## Veteran Eligibility for DOD Benefits

Military retirees who are entitled to retired pay, their dependents, service-disabled veterans, veteran caregivers, former prisoners of war, and others with certain military honors are eligible for in-person government-subsidized shopping for groceries and household goods at military commissaries as well as access to military exchanges and morale, welfare, and recreation services on military installations (10 U.S.C. §§1065 and 2481). Honorably discharged veterans are eligible for limited tax-free online shopping at military exchanges. Military retirees, their dependents, and veterans with permanent service-connected disabilities rated as total or 100% disabled are also eligible for no-cost space-available air travel on military aircraft (10 U.S.C. §2641b). In addition to these benefits, military retirees are eligible for pensions, survivor annuities (Survivor Benefit Plans), and health care benefits for themselves and their dependents.

## Conditions for Revocation of DOD Benefits

Military retirees are subject to the UCMJ pursuant to Title 10, Section 802, of the *U.S. Code* and may be tried by military court-martial. Punitive articles that may be charged under the UCMJ include, among others, riot or breach of peace (Art. 116), property destruction (Art. 109), conspiracy (Art. 81), mutiny or sedition (Art. 94), and soliciting commission of offenses (Art. 82). While retirees are subject to prosecution under the UCMJ, that does not preclude them from also being charged and tried for federal or state offenses under other statutory authorities. Therefore, military retirees can be charged and convicted for offenses under both the UCMJ and the *U.S. Code*.

In general, criminal prosecution or incarceration of a military retiree will not result in a loss of earned military retired pay. However, under Title 5, Section 8312, of the *U.S. Code*, conviction of offenses related to treason, sedition, or subversive activities may result in the loss of military retired pay and survivor annuity. If a retired servicemember is required to forfeit military retired pay, he or she may also be ineligible to access benefits that are contingent on eligibility for retired or retainer pay, including commissary and exchange privileges, and medical benefits. Similarly, veterans who are not retirees or entitled to retired pay may lose access to DOD benefits if they become ineligible for certain VA benefits or status (e.g., service-connected disability) due to a conviction for subversive activities under the provisions of Title 38, Section 6105, of the *U.S. Code*.

## Related Resources

CRS Report R46511, *Veterans Benefits Administration (VBA): Pension Programs*

CRS Report R44837, *Benefits for Service-Disabled Veterans*

CRS Legal Sidebar LSB10564, *Federal Criminal Law: January 6, 2021, Unrest at the Capitol*

CRS Insight IN11573, *Domestic Terrorism and the Attack on the U.S. Capitol*

CRS Legal Sidebar LSB10570, *Unrest at the Capitol: Potential Violations of the Uniform Code of Military Justice*

---

**Heather M. Salazar, Coordinator**, Analyst in Veterans Policy
**Jonathan M. Gaffney**, Legislative Attorney
**Kristy N. Kamarck**, Specialist in Military Manpower

IF11762

## Disclaimer

This document was prepared by the Congressional Research Service (CRS). CRS serves as nonpartisan shared staff to congressional committees and Members of Congress. It operates solely at the behest of and under the direction of Congress. Information in a CRS Report should not be relied upon for purposes other than public understanding of information that has been provided by CRS to Members of Congress in connection with CRS's institutional role. CRS Reports, as a work of the United States Government, are not subject to copyright protection in the United States. Any CRS Report may be reproduced and distributed in its entirety without permission from CRS. However, as a CRS Report may include copyrighted images or material from a third party, you may need to obtain the permission of the copyright holder if you wish to copy or otherwise use copyrighted material.