IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CR. NO. 1:21-CR-484 (RDM) |
| MICAJAH JOEL JACKSON | ) | |
| | ) | |

## DEFENDANT, MICAJAH JACKSON'S, SUPPLEMENT TO SENTENCING MEMORANDUM

Micajah Jackson, through undersigned counsel, submits this supplement to his sentencing memorandum to address the Court's question regarding how his Veteran's Affairs ("VA") disability benefits could potentially be affected by a term of incarceration or placement in a residential reentry center ("RRC"). Upon further research, it appears as though his VA disability benefits should not be affected because he has not been convicted of a felony.

Furthermore, the government filed a notice of supplemental authority regarding the Court's authority to impose a split sentence, pointing to *United States v. Little*, 21-CR-315 (RCL), as authority for such a sentence. *See* ECF No. 33. However, this recent district court decision did not address all of the arguments raised by the Office of the Public Defender in *United States v. Caplinger*, 21-cr-342 (PLF), that thoroughly explains why the *Little* decision is incorrect.[1]

---

[1] Undersigned counsel's understanding of the Court's wishes was for the defense to provide a filing discussing how certain sentences could affect Mr. Jackson's VA benefits and does not recall the Court instructing the parties to provide further briefing on the split sentence

1

I.   **A Sentence of Incarceration or Placement in an RRC Will Likely Not Affect Micajah's VA benefits**

According to the Congressional Research Service ("CRS"), the VA could reduce or suspend an individual's monthly disability payments if that veteran serves more than 60 days' incarceration, however it appears as though that only applies to individuals convicted of a felony.[2]  *See* Exhibit 1, Veteran Involvement in the U.S. Capitol Breach: Possible Effects on VA Benefits, CRS, February 16, 2021; *See also* 38 U.S.C. §5313(a)(1).[3]  The Department of Veteran's Affairs also confirms this on their website when discussing how incarceration affects eligibility for VA Benefits.[4] Undersigned counsel also called the Veteran's Disability Benefits Hotline who confirmed the same to be true.

Lastly, according to the Department of Veteran's Affairs, Micajah's benefits should also not be affected if he resides in an RRC.[5]  The information provided does not specify any time limitations or indicate removal of benefits after a certain period of time in an RRC.

The government, in its supplement, incorrectly suggests that the Court also has authority to impose a sentence that would include placement in an RRC after a

---

issue.  If the Court would like more briefing on its authority to impose a split sentence, undersigned counsel requests that the Court allow more time to further brief the Court.
[2] Mr. Jackson's original belief that he could lose his benefits if sentenced to more than 30 days' incarceration was based on conversations with his fellow veterans in his local agency. However, upon further research, it does not appear that his VA disability benefits will be affected because he has not been convicted of a felony offense.
[3] Mr. Jackson is not receiving a military pension and so 38 U.S.C. §1505(a) does not apply to his case.
[4] Incarcerated Veterans - Veterans (va.gov)
[5] *Id.*

term of incarceration and not "in lieu of" incarceration. *See* ECF No. 33 at 4. However, that is incorrect as community confinement may only be imposed as a condition of probation. *See* 18 U.S.C. §3563(b)(11).

## II. The *Little* Decision Does Not Authorize The Court To Impose a Split Sentence

The government's notice of supplemental authority provides a recent district court opinion in *United States v. Little*, 21-CR-315 (RCL), where the court imposed a split sentence and provided a memorandum opinion outlining its reasons for doing so. *See Little*, ECF No. 43. For starters, that decision will be appealed by the defendant as he has noticed his intent to appeal on March 21, 2022. *See Little*, ECF No. 50.[6] Undersigned counsel previously provided the Court with an amicus brief filed in *United States v. Jeremiah Caplinger*, 21-CR-342 (PLF), which thoroughly explains why the Court does not have authority to impose such a sentence. The decision in *Caplinger* is still pending.

The Court in *Little* did not address some of the main arguments raised in *Caplinger*, specifically that the plain text of §§3551(b) and 3561(a)(3), *interpreted harmoniously*, precludes a split sentence for any single offense. *See Caplinger* Amicus Brief at 5. For all of the reasons already stated in *Caplinger*, the decision in *Little* is incorrect and a split sentence is impermissible.

---

[6] The government also provides *United States v. Jerry Smith*, 21-CR-290 (RBW), as support for another district court that recently imposed a split sentence for a petty offense. As of this date, there is no memorandum opinion that has been issued addressing the reasons for its decision.

Although there are now two district court judges who have imposed split sentences, the majority of the district court faced with sentencing defendants convicted of 40 U.S.C. §5104(e)(2)(G) have chosen not to impose such a sentence. *See United States v. Spencer*, 21-CR-147 (CKK) (amending sentence after briefing provided), ECF No. 70; *United States v. Torrens*, No. 21-cr-204 (BAH), ECF No. 110 & 125); *United States v. Kari Kelley*, 21-CR-201 (DLF) (At sentencing on March 17, 2022, Judge Friedrich rejected the government's contention that a split sentence could be imposed even after being provided notice of the *Little* decision); *United States v. Jacob Wiedrich*, 21-CR-581 (TFH) (Judge Hogan also rejecting government's proposal for split sentence); *United States v. Vic Williams*, 21-CR-388 (RC) (court did not impose split sentence despite government's recommendation of split sentence); *United States v. Zachary Wilson*, 21-CR-578 (APM) (same); *United States v. Traci Sunstrum*, 21-CR-652 (CRC) (same); *United States v. Michael Carico*, 21-CR-696 (TJK) (same); *United States v. Tanner Sells*, 21-CR-549 (ABJ) (same).

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Maria N. Jacob
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500